

**U.S. Department of Justice**

Antitrust Division

---

*RFK Main Justice Building*

*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530-0001*

December 13, 2023

Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

        Re:    No. 22-35650, Dru Choker, et al. v. Pet Emergency Clinic, P.S., et al.

Dear Ms. Dwyer:

    We submit this letter under FRAP 28(j) in response to Judge McKeown's request, at the oral argument of this case on December 8, 2023, for citations of cases mentioned in the argument.

    At argument, I referenced the post-briefing decision in *Chase Mfg. v. Johns Manville Corp.*, 84 F.4th 1157 (10th Cir. Oct. 25, 2023), in which a defendant-monopolist threatened to stop dealing with third-party distributors if they also carried the products of its rival. The Tenth Circuit held that the defendant-monopolist's threats of future action to enforce that exclusionary condition created a genuine issue of material fact on both the anticompetitive conduct element of a Sherman Act Section 2 claim and the antitrust injury element of a private claim, *see id.* at 1171-76, 1177, looking to the "reality of the [relevant] market and the practical effect of [defendant's] conduct," *id*. at 1173.

    That case, together with the cases cited in our brief (including *United States v. Microsoft Corp.*, 253 F.3d 34, 77 (D.C. Cir. 2001) and *Chelson v. Oregonian Pub. Co.*, 715 F.2d 1368, 1371 (9th Cir. 1983)), stand for the proposition that threatened future acts can constitute present-day anticompetitive conduct and establish antitrust injury.

                                    Respectfully submitted,

                                    /s/ Steven J. Mintz
                                  Steven J. Mintz

                                  Attorney for the United States